IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL B. COHEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-1243-RGA |
| | : | |
| CARL C. DANBERG, et al., | : | |
| | : | |
| Defendants. | : | |

Peter S. Murphy, Esquire, Alexandra Rogin, Esquire, and Justin M. Forcier, Esquire, Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware.  Counsel for Plaintiff.

Kenisha LaShelle Ringgold, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants Carl Danberg, Perry Phelps, Cpt. Rispoli, Lt. Baynard, Sgt. Jones, Jason Russell, C/O Mitchell, C/O Boone, Ernest A. Kemp, Jr., James J. Janusiewicz, and Delaware Department of Correction.

Daniel A. Griffith, Esquire, and Kaan Ekiner, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware.  Counsel for Defendant Correct Care Solutions, LLC.

**MEMORANDUM OPINION**

February 28, 2018
Wilmington, Delaware

*[signature]*

**ANDREWS, U.S. District Judge:**

Plaintiff Daniel B. Cohee commenced this action in July 2013 while proceeding *pro se*. (D.I. 3). He is now represented by counsel, who filed an Amended Complaint on April 25, 2017, adding the Delaware Department of Correction as a defendant. (D.I. 148). Before the Court is the DOC's motion to dismiss, opposed by Plaintiff. (D.I. 153, 155). Briefing on the matter is complete.

## BACKGROUND

The Amended Complaint alleges that Plaintiff was attacked and injured by his cellmate on February 23, 2012. Plaintiff lost a substantial amount of blood and received stitches to both cheeks and a severed tendon that required twenty-seven stitches. At the time, he was incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. The Amended Complaint alleges that, prior to the attack, Plaintiff had informed correctional officers about his cellmate making threatening and violent statements. Plaintiff had asked for a transfer. Plaintiff alleges that the correctional officers ignored his concerns and his request for a transfer.

The DOC was not named as a defendant in the original Complaint, although individual DOC defendants were named in their individual and official capacities. Count III of the Amended Complaint alleges the DOC failed to train and/or maintained wrongful customs, practices, and policies regarding inmate safety, all of which caused serious harm to Plaintiff. (D.I. 148 at ¶¶ 50-56).

The DOC moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the claims are time-barred. (D.I. 153).

1

## **LEGAL STANDARDS**

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

2

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## DISCUSSION

The DOC moves for dismissal on the basis that the claims raised against it in the Amended Complaint are time-barred, having been filed after expiration of the two-year statute of limitations. Plaintiff opposes on the grounds that the claim against the DOC relates back to the date of the original Complaint.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The DOC argues that the claim against it falls entirely within the two years of the date of injury, Plaintiff was aware he had a state-created danger claim on February 23, 2012. He began this suit in July 2013, and he did not seek to add DOC

3

as a defendant until 2017. Thus, DOC argues, he is now time-barred from raising the claim.[1]

Rule 15(c) of the Federal Rules of Civil Procedure can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001). Three conditions must be met for the successful relation back of an amended complaint that adds new parties: (1) the additional claim arose out of the same conduct as the original pleading; (2) within the time period provided in Rule 4(m), the newly named party received such notice of the institution of the action and would not be prejudiced in maintaining a defense on the merits;[2] and (3) the newly named party knew, or should have known, that, but for a mistake made by the plaintiff, the action would have been brought against the newly named party in the first place.

The first condition is met as it is clear that the claims against the DOC arise out of the same conduct as alleged in the original pleading. The second condition, whether the DOC had notice, is also met. Under Rule 15(c)(3), notice does not require actual

---

[1] The elements necessary to successfully plead a state-created danger claim include: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *See L.R. v. School Dist. of Philadelphia*, 836 F.3d 235, 242 (3d Cir. 2016).

[2] At the time the original Complaint was filed, the presumptive time for service was 120 days. Rule 4(m) was amended in 2015 and reduced the time from 120 days to 90 days.

4

service of process on the party sought to be added, and notice can be actual, constructive, implied, or imputed. *Singletary*, 266 F.3d at 195. Notice may be imputed through the "shared attorney" method. *Id.* at 196-98.

The "shared attorney" method is based upon the theory that, when an originally named party (*i.e.*, individual DOC Defendants) and the party added (*i.e.*, the DOC) are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. *See Singletary*, 266 F.3d at 196. Here, the sending of the service packet to the United States Marshals Service following screening of a complaint filed by a person who proceeds *in forma pauperis*, initiated the running of the 120 days for service to be effected. *See* 28 U.S.C. § 1915; Fed. R. Civ. P 4(c)(2). As evidenced by the court docket, the service packets for individual Defendants were transmitted to the United States Marshals Service on January 6, 2014, and the Attorney General of the State of Delaware was served the USM 285 form on February 4, 2014. The Attorney General's office represents all the individual DOC defendants in this action. Hence, the DOC was aware of the litigation within the required timeframe.

In addition, notice may be imputed to the DOC through the identity of interest method. The identity of interest method imputes notice "if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Garvin v. City of Philadelphia*, 354 F.3d 215, 227 (3d Cir. 2003). In the original Complaint, the individual DOC defendants were sued in their official capacities as well as their individual capacities. "A

5

suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). The DOC had an identity of interest with the individual DOC Defendants sued in their official capacities sufficient to place it on notice of this litigation.

Finally, the Court finds that the third condition for relation back of the amended complaint is met under Rule 15(c)(3)(B)'s mistake requirement. "Rule 15(c)(3)(B)'s mistake requirement has been held to be met (and thus relation back clearly permitted) for an amended complaint that adds or substitutes a party when a plaintiff makes a mistake by suing the state but not individual officers in a § 1983 action." *Singletary*, 266 F.3d at 202 n.5 (citing *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1192 n.13 (3d Cir. 1994)). At the time Plaintiff commenced this action he proceeded *pro se* and did not name the DOC. The Court takes into consideration his *pro se* status and affords him leeway now that he is represented by counsel.

The Court finds that the claims in the Amended Complaint raised against the DOC relate back to the timely filed original Complaint. Therefore, the Court will deny the DOC's motion to dismiss.

## CONCLUSION

Based upon the above discussion, the Court will deny Defendant's motion to dismiss. (D.I. 153). An appropriate order will be entered

6